IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JANICE D. TAYLOR                                                                                          PLAINTIFF

VERSUS                                                                            CIVIL ACTION NO. 1:07CV255-P-D

CPI GROUP, INC. AND
KERR MCGEE CHEMICAL/TRONOX                                                                  DEFENDANTS

**ORDER**

This cause is before the Court on CPI Group, LLC's Motion to Dismiss [20]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

That the motion should be granted in part and denied in part. The intake questionnaire submitted by plaintiff on May 5, 2006 is sufficient to constitute a charge based on applicable EEOC regulations and the United States Supreme Court's recent decision in Federal Express Corporation v. Holowecki, ___ U.S. ___, 170 L.Ed.2d 10, 128 S. Ct. 1147 (2008).[1] However, only plaintiff's

---

[1] Plaintiff's submission included her name, address and telephone number and that of CPI Group, Inc. It also included a detailed statement of facts describing the alleged discriminatory acts; the number of CPI Group, Inc.'s employees and a statement indicating that no state proceedings had been initiated. As a further matter, the questionnaire cannot reasonably be construed as a mere request for information inasmuch as the record indicates that plaintiff's first contact with EEOC pertaining to the conduct of which she complains occurred a number of months prior to May 2006. Finally, the EEOC itself treated the filing as a charge (as demonstrated by the initiation of conciliation proceedings) and assured plaintiff by correspondence dated May 23, 2006: "The date of the signature on the charge will not affect the jurisdiction date established in any original written complaint previously given to EEOC." Based on the foregoing, plaintiff's filing "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Holowecki, 128 S. Ct. at 1158.

discharge on November 7, 2005 falls within the 180-day statute of limitations prescribed by 29 U.S.C. § 626(d)(1)(A) and 42 U.S.C. § 2000e-5(e)(1).[2] Accordingly, plaintiff's claims for denial of training (January 2005), demotion from accountant to purchasing (May 2005), harassment from a younger white female coworker (June 2005), threats (July 2005), transfer from purchasing to accounting (August 2005), denial of promotions (October 2005), transfer from accounting to the warehouse (October 2005), and alleged sexual harassment from Learnard Dickerson (January-October 2005) are time-barred.

IT IS, THEREFORE, ORDERED AND ADJUDGED that CPI Group, LLC's Motion to Dismiss [20] should be, and hereby is, GRANTED IN PART and DENIED IN PART. Plaintiff is entitled to proceed under Title VII and the ADA only with regard to her November 7, 2005 discharge. IT IS FURTHER ORDERED that all other claims should be, and hereby are, DISMISSED WITH PREJUDICE.

SO ORDERED, this the 30th day of March, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The 180-day limitations period elapsed on May 6, 2006. Since that day fell on a Saturday, plaintiff actually had until Monday, May 8, 2006 to file her EEOC charge.